[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2011
JOHN LEY
CLERK

_____

Nos. 09-15187 & 09-15188

_____

D.C. Docket Nos. 04-00016-CR-T-26EAJ
& 09-00140-CR-T-26TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES JOSEPH McANDREW,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(July 7, 2011)

Before TJOFLAT, CARNES and HILL, Circuit Judges.

PER CURIAM:

James Joseph McAndrew was convicted of three counts of possession and one count of receipt of child pornography. In a consolidated case, he was convicted of violating the conditions of his supervised release. The district court sentenced him above his applicable guideline range in both these cases. In this consolidated appeal, he appeals his convictions and sentences.

I.

James Joseph McAndrew was charged in 2003 with two counts of possession of child pornography and one count of being a felon in possession of a firearm. He pled guilty to one count of possession of child pornography and to the firearm possession count and was sentenced to 57 months of imprisonment, to be followed by three years of supervised release, during which time he was prohibited from possessing a computer with internet access without written approval from his probation officer and he was subject to search of his residence based upon reasonable suspicion.

McAndrew began serving his supervised release on January 3, 2008. In December of 2008, the probation department searched McAndrew's residence. Child pornography was found on computers, VHS tapes, floppy disks and compact discs.

McAndrew was indicted and charged with three counts of possessing child

pornography and one count of receiving child pornography.[1]  Specifically, Count 2 charged computer possession of child pornography, Count 3 charged possession of videotaped child pornography, Count 4 charged possession of floppy and compact discs, and Count 5 charged receipt of child pornography.  In a separate case, he was charged with violation of the terms of his supervised release.

Pursuant to a written plea agreement, McAndrew pleaded guilty to the child pornography charges in the substantive case in exchange for the government's promise to recommend that he be sentenced within the applicable guideline range, as determined by the court.  The plea agreement recited that a forensic examination of a laptop computer revealed that McAndrew began downloading new images of child pornography just months after he was released from prison in 2008.  A probation officer who reviewed the computer discs and VHS tapes determined that they contained images that were in existence at the time of the 2003 charges, but that many of the images on these media were viewed shortly after McAndrew's release from prison.  The plea agreement, however, did not specify which images and media related to any of the counts in the indictment, including the count charging receipt of child pornography.  In fact, there was no

_____

[1]Count 1 of the indictment charged that he induced a minor to engage in sexually explicit conduct for the purpose of videotaping it, but the government dropped this count as a result of the plea agreement.

information in the factual basis regarding the receipt of child pornography except that McAndrew "began downloading new images of child pornography several months after he was released from prison."

At the change-of-plea hearing, the district court informed McAndrew that by pleading guilty to the child pornography charges he would also be admitting that he violated the terms and conditions of his supervised release in his related revocation case.

McAndrew was convicted and sentenced on the child pornography charges and the violation of his supervised release. He challenges these two convictions and sentences in this consolidated appeal.

As to the substantive child pornography conviction, he argues that the government breached its plea agreement with him by recommending an above-guidelines sentence. He also asserts that his convictions on Counts 2, 3 and 4 of the indictment for possession of child pornography are lesser included offenses in his conviction on Count 5 for receipt of child pornography, and thus, violate his constitutional protection against double jeopardy.

In the revocation case, he argues that his 24-month above-guidelines sentence must be vacated because the district court failed to permit him to fully articulate his objections after it pronounced the sentence; exhibited pervasive

4

judicial bias and hostility towards him sufficient to violate his right to due process of law; and imposed a sentence that was unreasonable.

We shall consider each of the cases on appeal separately.

II.

1.    *The Child Pornography Convictions*

A.    **The Alleged Breach of the Plea Agreement**

McAndrew pleaded guilty to three counts of possession of child pornography (Counts 2, 3 and 4 of the indictment) and to one count of receipt of child pornography (Count 5) in exchange for the government's promise to recommend a sentence within the applicable guidelines range.

The PSI grouped Counts 2-5 into a single offense for purposes of the guidelines calculation.  It calculated a base offense level of 22 pursuant to U.S.S.G. § 2G2.2(a)(2).  McAndrew was assigned the following specific offense characteristics: (1) a 2-level reduction because he did not intend to distribute the child pornography; (2) a 2-level enhancement because the child pornography involved minors under the age of 12; (3) a 4-level enhancement because the child pornography portrayed sadistic, masochistic, or violent conduct; (4) a 5-level enhancement because McAndrew engaged in a pattern of sexual abuse or exploitation of a minor; (5) a 2-level enhancement because the offense involved

5

the use of a computer; and (6) a 5-level enhancement because the offense involved over 600 images. He received a 3-level reduction for his acceptance of responsibility. The PSI further calculated a criminal history category of III based on McAndrew's 2004 conviction and the fact that he committed the instant offense while on supervised release and within two years following his release from custody for the 2004 conviction. The PSI also noted McAndrew faced a statutory minimum penalty of 10 years' imprisonment on Counts 2-4, up to a maximum penalty of 20 years. As to Count 5, McAndrew faced a statutory minimum penalty of 15 years' imprisonment, up to a maximum penalty of 40 years. The PSI also noted that an upward departure may be warranted if the length of a pornographic video is substantially more than five minutes.

The district court calculated the applicable guideline range as 210 to 262 months imprisonment on Counts 2-4. The government argued that McAndrew was a sexual predator with no hope of changing and suggested that "the 262-month maximum guideline sentence was appropriate." The government, however, urged more than once that the court send McAndrew to prison for the "rest of his life."

In response to the government's arguments, McAndrew told the court that the government was "running real close to breaching the plea agreement." He

6

concedes, however, that he did not object to the government's alleged violation nor accept the court's offer to rescind the plea agreement.

After stating that it had considered the § 3553(a) factors and the applicable guidelines range, and had heard from all the witnesses, the court initially sentenced McAndrew to life imprisonment. When the government reminded the court that such a sentence was not statutorily authorized, the court found that an upward variance was warranted in view of the § 3553(a) factors. The court sentenced McAndrew to twenty years each on Counts 2, 3 and 4 to run concurrently, followed by a consecutive term of 40 years on Count 5, for a total of 60 years' imprisonment. Thus, McAndrew was sentenced to 720 months imprisonment, an above-guidelines sentence.

Because McAndrew concedes that he did not object to the government's references to a "life sentence" at the change-of-plea hearing, we may review his claim that the government breached his plea agreement only for plain error.[2] *United States v. De La Gaza*, 516 F.3d 1266, 1269 (11th Cir. 2008). As a result, McAndrew cannot prevail on this claim unless he can show both error that is plain and prejudice from that error. *Id.* He must demonstrate that, but for the

_____

[2]The concession was made at oral argument, as McAndrew does not address the government's plain error argument in his brief.

7

government's alleged breach of the plea agreement, he would have obtained a "better result" than the sentence actually imposed. *Id.*

McAndrew cannot make this required showing. At sentencing, the district court, which had sentenced McAndrew in his original child pornography case, made clear that it considered McAndrew to be a recidivist of the worst sort. The court stated that it did not think there was a more appropriate case than McAndrew's to impose a sentence in excess of the advisory guidelines range because he was a child "predator" who had victimized his own nieces and nephews as well as other children for extended periods of time and who had returned to this criminal activity within one year of his release from prison. The court further stated that it could not think of "a more heinous crime than the exploitation of young children." The fact that some of his victims were blood-related "exacerbated" the situation. The court noted that, based upon the testimony of a victim, it appeared that they would "never heal." Finally, the court observed that its original sentence clearly had not afforded adequate deterrence as McAndrew had gone "back to his old ways" so soon after his release. The court concluded that it needed to fashion a sentence that would protect the public, especially children, from further crimes committed by McAndrew.

In imposing sentence, the district court stated for the record that it had

considered the advisory guidelines range and the § 3553(a) factors, but had concluded that an upward variance was required in this case because:

> the only reasonable sentence in this case is to incarcerate him . . . for the rest of his natural life, and that's what I intend to do. To me, that's a reasonable sentence and promotes the statutory purposes of sentencing as provided for by law.

Initially, the district court imposed a life sentence. After being reminded of the statutory limitations on the sentence, the district court fashioned the 720-month sentence that it believed achieved the appropriate result in this case.

It is clear from the district court's statements at the change-of-plea hearing that it believed an upward variance was warranted and that a sentence that achieved incarceration for "the rest of his life" was appropriate for McAndrew. There is no evidence in this record from which we can conclude that the court would have imposed a lesser sentence had the government not urged it to fashion a sentence that would imprison McAndrew "for the rest of his life." A defendant fails to meet his burden to show prejudice where, at best, it is uncertain whether the government's breach had an effect on the defendant's sentence. *Id.* at 1270-71.

Although we agree that the government's performance at the change-of-plea hearing ran counter to the spirit, if not the letter, of its agreement with McAndrew,

we can find no evidence in this record that would carry McAndrew's burden of showing prejudice from this inartful performance. As a result, McAndrew's failure to object to the government's performance at the change-of-plea hearing is fatal to his claim for relief from it now.

B.      **The Alleged Double Jeopardy Violation**

We have held that possession of child pornography is a lesser-included offense of receipt of child pornography and a double jeopardy violation unless the defendant "committed two distinct offenses, occurring on two different dates, in breach of two different statutes." *United States v. Bobb*, 577 F.3d 1366, 1371 (11th Cir. 2009). In this case, McAndrew was convicted on Counts 2, 3 and 4 for possession of child pornography from an unknown date to December 10, 2008. He was convicted in Count 5 of receiving child pornography from an unknown date to December 10, 2008. Therefore, unless the possession of child pornography charged in Counts 2, 3 and 4 is different from the receipt of child pornography charged in Count 5, the possession convictions are lesser included offenses of the receipt conviction, thereby offending the Double Jeopardy Clause.

As an initial matter, the government concedes that McAndrew's conviction on Count 2 cannot be distinguished from his conviction on Count 5. Count 5 charges that, from an unknown date until December 10, 2008, McAndrew received

"any" child pornography.  The indictment does not refer to any specific media; on the contrary, it sweeps broadly enough to include *all* types of child pornography that he received.  Count 2 charges McAndrew with possession of child pornography on a computer.  As  possession of child pornography on a computer is a lesser included offense of the receipt of *any* child pornography during the same time frame, the government agrees with McAndrew that he cannot be constitutionally convicted of both these counts.

As to Count 3, the government points out that the videotapes charged were made by McAndrew himself, thereby negating the requirement of Count 5 that he "receive" them.  This contention is supported by the PSI and was not objected to by McAndrew.  McAndrew concedes that the PSI contains this support.  Thus, we find no double jeopardy violation as the possession of homemade pornographic videotapes charged in Count 3 is not the same conduct as the receipt of any child pornography charged in Count 5.

Count 4 charged the possession of floppy and compact discs.  The facts recited in the plea agreement reveal that these computer discs existed at the time of McAndrew's 2003 charges.  The government attempts to distinguish these discs from the pornography charged in Count 5 by claiming that Count 5 charges only the receipt of child pornography that McAndrew downloaded to his computer after

11

he was released from prison in 2008. This argument fails, however, because Count 5, by its own terms, encompasses the receipt of *any* child pornography from an unknown date until December 10, 2008, the same time period as Count 4. Thus, by its own terms, Count 5 encompasses the conduct charged in Count 4. As a result, McAndrew's conviction on both Counts 4 and 5 implicates the Double Jeopardy Clause.

McAndrew failed to raise this double jeopardy claim before the district court. Nevertheless, under plain error review, we hold that the double jeopardy violations with respect to the overlap between Counts 2, 4, and 5 is both plain and cognizable as it "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Miller*, 527 F.3d 54, 58-59, 70-74. (3d Cir. 2008). *See also United States v. Davenport*, 519 F.3d 940, 942, 947-48 (9th Cir. 2008).

The proper remedy for a double jeopardy violation is to remand the case to the district court so that it may choose which counts to vacate. *See United States v. Ball*, 470 U.S. 856, 864 (1985). Accordingly, we shall vacate the judgment in this case and remand to the district court with instructions to vacate McAndrew's convictions and sentences on either Counts 2 and 4 or on Count 5.

2.      *The Revocation Case*

12

The court calculated a guidelines sentencing range of four to ten months for the revocation case, but  sentenced McAndrew to the statutory maximum of two years on the revocation case, to run consecutively with his other sentences. McAndrew claims that this sentence must be vacated because the district court failed to permit him to fully articulate his objections after it pronounced the sentence; exhibited pervasive judicial bias and hostility towards him sufficient to violate his right to due process of law; and imposed a sentence that was unreasonable.  We have carefully reviewed these arguments in light of the record in this case and find them to be without merit.

## III.

In view of the foregoing, we vacate the judgment in this case and remand to the district court for re-sentencing in accord with this opinion.

VACATED AND REMANDED FOR RESENTENCING.